1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ, | CASE NO. 1:07-cv-00128-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM AGAINST DEFENDANT STANCLIFF |
| v. | |
| STANCLIFF, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | |

I.     Screening Order

    A.     Screening Requirement

Plaintiff Anthony Joseph Stancliff ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 23, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      <u>Plaintiff's Section 1983 Claims</u>

The events at issue in the instant action allegedly occurred at the Kern County Jail, where plaintiff was incarcerated at the time. Plaintiff names as Kern County, the Kern County Sheriff's Department, former Sheriff Carl Sparks, Officers Stancliff and Lindini, a John Doe Deputy, and a John Doe Sergeant as defendants. Plaintiff is seeking money damages.

///

///

1.     <u>Excessive Force Claim</u>[1]

Plaintiff alleges that on September 15, 2000, defendant Stancliff placed him in a chokehold and choked him to the point of losing consciousness.  Plaintiff alleges he was shackled and in a prone position at the time, and was not a threat.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  <u>Id</u>. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  <u>Id</u>. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  <u>Id</u>. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Id</u>. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  <u>Id</u>.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  <u>Id</u>.

---

[1] It is unclear if plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged assault against him.  The court shall analyze the claim under the Eighth Amendment, which applies if plaintiff was a convicted prisoner.  If plaintiff was a pretrial detainee, it is the Due Process Clause which protects plaintiff against the use of excessive physical force.

1  Plaintiff's allegations are sufficient to give rise to a claim for relief against defendant

2  Stancliff for use of excessive physical force. Fed. R. Civ. P. 8(a).

3                2.      Equal Protection Claim

4  Plaintiff alleges that on September 15, 2000, prior to using excessive force against him,

5  defendant Stancliff discriminated against him on the basis of his sexual orientation when he verbally

6  assaulted him by calling him a punk, a term commonly used in jails and prisons to denote a male

7  homosexual.

8  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

9  should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

10  Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation

11  of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

12  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

13  membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

14  (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination

15  means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

16  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

17  1404 (9th Cir. 1994)) (emphasis in original).

18  Plaintiff has not alleged any facts supporting a claim that defendant intentionally treated him

19  different than other similarly situated inmates on the basis of his sexual orientation. The allegation

20  that defendant called him a punk, alone, does not rise to the level of a constitutional violation.

21                3.      First Amendment and Due Process Claims

22  Plaintiff alleges that defendant Stancliff violated his rights under the First Amendment and

23  the Due Process Clause when he required plaintiff to respond to his questions while preventing

24  plaintiff from being able to respond due to the chokehold. This claim is without merit. Plaintiff has

25  not alleged any facts supporting a claim that defendant infringed on any right protected under the

26  First Amendment or the Due Process Clause.

27  ///

28  ///

4

1          4.    Defamation and Due Process Claims

2          Plaintiff alleges that defendants Stancliff and Lindini conspired to cover up the assault on

3    plaintiff by submitting a false report that plaintiff assaulted defendant Stancliff.  Plaintiff alleges that

4    the report defamed him as a "cop beater" and led to the increase in his classification from minimum

5    custody status to maximum security walk-alone status.  Plaintiff alleges that defendant Stancliff, in

6    an attempt to discredit the only witness to the incident of excessive force, submitted a false

7    complaint to the Internal Affairs Division of the Kern County Sheriff's Department charging witness

8    Officer Ken Aldridge with failing to assist a fellow officer.  Plaintiff alleges that defendant Lindini

9    used the false report to raise plaintiff's custody status from minimum custody status to maximum

10   security walk-alone status.  Plaintiff alleges these actions constituted defamation and violated his

11   right to due process.

12         Reputation alone does not implicate any "liberty" or "property" interests sufficient to invoke

13   the procedural protection of the due process clause, and something more than simple defamation by

14   a state official must be involved to establish a claim under section 1983.  Paul v. Davis, 424 U.S.

15   693, 701 (1976).  Therefore, plaintiff's allegations fail to give rise to a cognizable claim for relief

16   based on defamation.

17         The Due Process Clause protects against the deprivation of liberty without due process of

18   law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

19   Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

20   protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

21   law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

22   confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

23   Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

24   existence of a liberty interest created by prison regulations is determined by focusing on the nature

25   of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

26   law are "generally limited to freedom from restraint which . . . imposes atypical and significant

27   hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

28   U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

1    Plaintiff has not alleged any facts which demonstrate the existence of a liberty interest in his

2  custody status.  Without first establishing the existence of a protected liberty interest, plaintiff may

3  not pursue a claim under section 1983 that he was deprived of a protected interest without due

4  process of law.

5    5.    Due Process Claims Against Defendants Doe 1, Doe 2, and Sparks

6    Plaintiff alleges that on or around September 16, 2000, defendant Doe 1, a sergeant, failed

7  to process the grievance plaintiff properly submitted.  Plaintiff alleges that on or around February

8  2, 2001, while at Wasco State Prison, he was interviewed by defendant Doe 2, an investigator with

9  the Kern County Sheriff's Department.  Plaintiff alleges that after realizing he was being interviewed

10  regarding defendant Stancliff's false report against Officer Aldridge rather than his complaint against

11  defendant Stancliff, plaintiff requested that his interview be treated as a verbal complaint against

12  defendant Stancliff.  Plaintiff informed defendant Doe 2 that the only relief acceptable was the

13  termination of defendant Stancliff.  Plaintiff's allegations against defendant Stancliff were later

14  found to be sustained, but plaintiff learned defendant Stancliff was not terminated.  Plaintiff alleges

15  that defendant Sparks had a duty to grant the relief he requested and terminate defendant Stancliff.

16    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

17  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

18  law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "[A prison] grievance

19  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

20  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,

21  10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

22  interest in processing of appeals because no entitlement to a specific grievance procedure); Massey

23  v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

24  interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing

25  prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.

26  Buckley, 997 F.2d at 495.

27    The existence of a grievance process does not provide a basis upon which to impose liability

28  for the failure to process plaintiff's grievance or the failure to give effect to the relief plaintiff sought

in his grievance.  Accordingly, plaintiff fails to state a claim upon which relief may be granted under

section 1983 against defendants Doe 1, Doe 2, and Sparks.

### 6.      Denial of Access to the Courts

Plaintiff alleges that the excessive delay in resolving his grievance prejudiced plaintiff's right

to seek judicial relief.  For the reasons set forth above, the processing of plaintiff's grievance does

not support a claim for violation of due process.

To the extent that plaintiff is attempting to pursue a claim based on denial of access to the

courts, plaintiff's allegations do not state a claim.  Inmates have a fundamental constitutional right

of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right

is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354, 2181-82.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating

opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit

that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15,

122 S.Ct. 2179, 2185-87 (2002).  To prevail on a claim, the plaintiff must show that he suffered an

actual injury by being shut out of court.  Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.  Plaintiff

has not alleged any facts supporting a claim that the delay in processing his grievance caused him

to suffer an actual injury with respect to a court case.

### 7.      Claim Against Kern County and Kern County Sheriff's Department

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

Section 1983 offers no redress."  Id.

///

7

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has not alleged any facts which support a claim for relief under section 1983 against either Kern County or the Kern County Sheriff's Department. The allegation that defendant Stancliff

8

1  violated plaintiff's constitutional rights and that Stancliff remains employed by the Sheriff's

2  Department is insufficient to support a claim that either the County or the Sheriff's Department was

3  responsible for the violation of plaintiff's constitutional rights by Stancliff.

4          C.      Conclusion

5          Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant

6  Stancliff for use of excessive physical force.  However, plaintiff's complaint does not state any other

7  claims upon which relief may be granted under section 1983.  The court will provide plaintiff with

8  the opportunity to file an amended complaint, if plaintiff wishes to do so.

9          If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

10  against defendant Stancliff on his excessive force claim, plaintiff may so notify the court in writing.

11  The court will then issue Findings and Recommendations recommending that the remaining claims

12  and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-

13  285 form to fill out and return to the court.  Upon receipt of these documents, the court will direct

14  the United States Marshal to initiate service of process on defendant Stancliff.

15          In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

16  15-220 requires that an amended complaint be complete in itself without reference to any prior

17  pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

18  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

22  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

23  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

24  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

25  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

26  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

27  588 F.2d 740, 743 (9th Cir. 1978).

28  ///

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a.     File an amended complaint curing the deficiencies identified by the court in this order, or

   b.     Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Stancliff on his cognizable excessive force claim; and

3.     If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    May 17, 2007                            /s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE