# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ, | CASE NO. 1:07-cv-00128-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| STANCLIFF, et al., | (Doc. 1, 8, and 14) |
| Defendants. | |

I.   Findings and Recommendations Following Screening of Complaint

   A.   Procedural History

   Plaintiff Anthony Joseph Sanchez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 23, 2007. On May 18, 2007, the court issued an order finding that plaintiff's complaint stated a cognizable claim for use of excessive physical force against defendant Stancliff but did not state any other claims under section 1983. Plaintiff was ordered to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable claim against defendant Stancliff. The order was re-served due to a change in plaintiff's address, and on July 16, 2007, plaintiff sought an extension of time to file an amended complaint, which was granted by the court on July 26, 2007. On July 30, 2007, plaintiff filed a notice sating that he no longer wishes to amend and is willing to proceed only against defendant Stancliff. Based on plaintiff's notice, this Findings and Recommendations now issues.

///

B.     Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C. <u>Plaintiff's Section 1983 Claims</u>

The events at issue in the instant action allegedly occurred at the Kern County Jail, where plaintiff was incarcerated at the time. Plaintiff names as Kern County, the Kern County Sheriff's Department, former Sheriff Carl Sparks, Officers Stancliff and Lindini, a John Doe Deputy, and a John Doe Sergeant as defendants. Plaintiff is seeking money damages.

    1. <u>Excessive Force Claim</u>[1]

Plaintiff alleges that on September 15, 2000, defendant Stancliff placed him in a chokehold and choked him to the point of losing consciousness. Plaintiff alleges he was shackled and in a prone position at the time, and was not a threat. The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial detainees from the use of excessive force. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting <u>Graham v. Connor</u> at 395 n.10).

In resolving a substantive due process claim, courts must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" <u>White v. Roper</u>, 901 F.2d 1501, 1507 (9th Cir.1990) (quoting <u>Smith v. City of Fontana</u>, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)). In the <u>White</u> case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. <u>White</u> at 1507.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendant Stancliff for use of excessive physical force. Fed. R. Civ. P. 8(a).

///

///

---

[1] In his notice of July 30, 2007, plaintiff clarified that he was a pretrial detainee at the time of the events in question.

3

### 2. Equal Protection Claim

Plaintiff alleges that on September 15, 2000, prior to using excessive force against him, defendant Stancliff discriminated against him on the basis of his sexual orientation when he verbally assaulted him by calling him a punk, a term commonly used in jails and prisons to denote a male homosexual.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff has not alleged any facts supporting a claim that defendant intentionally treated him differently than other similarly situated inmates on the basis of his sexual orientation. The allegation that defendant called him a punk, alone, does not rise to the level of a constitutional violation.

### 3. First Amendment and Due Process Claims

Plaintiff alleges that defendant Stancliff violated his rights under the First Amendment and the Due Process Clause when he required plaintiff to respond to his questions while preventing plaintiff from being able to respond due to the chokehold. This claim is without merit. Plaintiff has not alleged any facts supporting a claim that defendant infringed on any right protected under the First Amendment or the Due Process Clause.

### 4. Defamation and Due Process Claims

Plaintiff alleges that defendants Stancliff and Lindini conspired to cover up the assault on plaintiff by submitting a false report that plaintiff assaulted defendant Stancliff. Plaintiff alleges that the report defamed him as a "cop beater" and led to the increase in his classification from minimum

4

custody status to maximum security walk-alone status. Plaintiff alleges that defendant Stancliff, in an attempt to discredit the only witness to the incident of excessive force, submitted a false complaint to the Internal Affairs Division of the Kern County Sheriff's Department charging witness Officer Ken Aldridge with failing to assist a fellow officer. Plaintiff alleges that defendant Lindini used the false report to raise plaintiff's custody status from minimum custody status to maximum security walk-alone status. Plaintiff alleges these actions constituted defamation and violated his right to due process.

Reputation alone does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause, and something more than simple defamation by a state official must be involved to establish a claim under section 1983. Paul v. Davis, 424 U.S. 693, 701 (1976). Therefore, plaintiff's allegations fail to give rise to a cognizable claim for relief based on defamation.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts which demonstrate the existence of a liberty interest in his custody status. Without first establishing the existence of a protected liberty interest, plaintiff may not pursue a claim under section 1983 that he was deprived of a protected interest without due process of law.

5.      Due Process Claims Against Defendants Doe 1, Doe 2, and Sparks

Plaintiff alleges that on or around September 16, 2000, defendant Doe 1, a sergeant, failed to process the grievance plaintiff properly submitted. Plaintiff alleges that on or around February 2, 2001, while at Wasco State Prison, he was interviewed by defendant Doe 2, an investigator with the Kern County Sheriff's Department. Plaintiff alleges that after realizing he was being interviewed regarding defendant Stancliff's false report against Officer Aldridge rather than his complaint against defendant Stancliff, plaintiff requested that his interview be treated as a verbal complaint against defendant Stancliff. Plaintiff informed defendant Doe 2 that the only relief acceptable was the termination of defendant Stancliff. Plaintiff's allegations against defendant Stancliff were later found to be sustained, but plaintiff learned defendant Stancliff was not terminated. Plaintiff alleges that defendant Sparks had a duty to grant the relief he requested and terminate defendant Stancliff.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

The existence of a grievance process does not provide a basis upon which to impose liability for the failure to process plaintiff's grievance or the failure to give effect to the relief plaintiff sought in his grievance. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983 against defendants Doe 1, Doe 2, and Sparks.

///

///

    6.  Denial of Access to the Courts

Plaintiff alleges that the excessive delay in resolving his grievance prejudiced plaintiff's right to seek judicial relief. For the reasons set forth above, the processing of plaintiff's grievance does not support a claim for violation of due process.

To the extent that plaintiff is attempting to pursue a claim based on denial of access to the courts, plaintiff's allegations do not state a claim. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180. Plaintiff has not alleged any facts supporting a claim that the delay in processing his grievance caused him to suffer an actual injury with respect to a court case.

    7.  Claim Against Kern County and Kern County Sheriff's Department

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has not alleged any facts which support a claim for relief under section 1983 against either Kern County or the Kern County Sheriff's Department. The allegations that defendant Stancliff violated plaintiff's constitutional rights and that Stancliff remains employed by the Sheriff's Department are insufficient to support a claim that either the County or the Sheriff's Department was responsible for the violation of plaintiff's constitutional rights by Stancliff.

D.    Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Stancliff for use of excessive physical force, in violation of the Due Process Clause. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. Plaintiff was provided with the opportunity to file an amended complaint, but has opted to proceed only on his cognizable claim against defendant Stancliff. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed January 23, 2007, against defendant Stancliff for use of excessive physical force, in violation of the Due Process Clause;

2. Plaintiff's equal protection claim, First Amendment claim, defamation claim, due process claims except for the excessive force claim against Stancliff, denial of access to the courts claim, and claim against Kern County and the Kern County Sheriff's Department be dismissed, for failure to state a claim upon which relief may be granted under section 1983; and

3. Defendants Kern County, the Kern County Sheriff's Department, former Sheriff Carl Sparks, Officer Lindini, the John Doe Deputy, and the John Doe Sergeant be dismissed from this action, based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

9

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 1, 2007**                             /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE