1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ANTHONY JOSEPH SANCHEZ,                          CASE NO. 1:07-cv-00128-LJO-SMS PC

10                          Plaintiff,               ORDER DENYING MOTION FOR
                                                     PRELIMINARY INJUNCTION FREEZING
11      v.                                           ASSETS AND MANDATING DEFENDANT
                                                     REMAIN EMPLOYED
12   STANCLIFF, et al.,
                                                     (Doc. 13)
13                          Defendants.
     _____/

14

15       Plaintiff Anthony Joseph Sanchez ("plaintiff") is a state prisoner proceeding pro se and in

16   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 30, 2007, plaintiff

17   filed a motion seeking a court order freezing defendant Stancliff's assets and requiring defendant

18   Stancliff to remain employed with the Kern County Sheriff's Department.  The Court construes

19   plaintiff's motion as one seeking preliminary injunctive relief.

20       "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

21   requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

22   City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

23   Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough."

24   Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is

25   immediately in danger of sustaining some direct injury as the result of the challenged official conduct

26   and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

27   Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to

28   suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).  When a government

1    agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal

2    affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.

3    362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state [or local] agency is involved, these

4    considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at

5    1128.  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the . . . agency's

6    'normal course of proceeding.'" Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94

7    S.Ct. 669, 679 (1974)).

8         In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

9    which provides in relevant part, "Prospective relief in any civil action with respect to prison

10   conditions shall extend no further than necessary to correct the violation of the Federal right of a

11   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

12   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

13   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

14   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

15        Equitable remedies are "unavailable absent a showing of irreparable injury, a requirement

16   that cannot be met where there is no showing of any real or immediate threat that the plaintiff will

17   be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111,

18   1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, plaintiff has set forth no

19   legal authority or argument in support of his motion, and has made no showing that he is seeking

20   narrowly drawn relief to which he is entitled to due to the existence of irreparable injury.  Because

21   plaintiff has not met his burden as the moving party, plaintiff's motion is HEREBY DENIED.

22

23   IT IS SO ORDERED.

24   **Dated:    October 10, 2007                        /s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

25

26

27

28