# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ, | CASE NO. 1:07-cv-00128-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| STANCLIFF, et al., | (Doc. 22) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Procedural History**

Plaintiff Anthony Joseph Sanchez ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 23, 2007. On May 18, 2007, the Court issued an order finding that Plaintiff's complaint stated a cognizable claim for use of excessive physical force against Defendant Stancliff but did not state any other claims under section 1983. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claim against Defendant Stancliff. The order was re-served due to a change in Plaintiff's address, and on July 16, 2007, Plaintiff sought an extension of time to file an amended complaint, which was granted by the court on July 26, 2007. On July 30, 2007, Plaintiff filed a notice sating that he no longer wished to amend and was willing to proceed only against Defendant Stancliff.

Based on Plaintiff's notice, the Court issued a Findings and Recommendations recommending dismissal of certain claims and defendants on August 2, 2007. On August 13, 2007,

1   Plaintiff filed an Objection and sought leave to amend.  Thereafter, Plaintiff filed an amended

2   complaint on September 10, 2007.  Fed. R. Civ. P. 15(a).

3   **II.    Screening Requirement**

4          The Court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

13  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

14  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

15  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

16  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

17  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

18  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

19  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

20  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

21  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

22  **III.   Plaintiff's Claims**

23         The events at issue in the instant action allegedly occurred at the Kern County Jail, where

24  Plaintiff was incarcerated at the time.  Plaintiff names as Kern County, the Kern County Sheriff's

25  Department, former Sheriff Carl Sparks, Officers Stancliff and Lindini, a John Doe Deputy, and a

26  John Doe Sergeant as defendants.

27

28

**A.     Excessive Force and Equal Protection Claims (Fact 2)**[1]

Plaintiff's allegations that Defendant Stancliff choked Plaintiff until he was unconscious at least in part because he perceived Plaintiff to be homosexual are sufficient to give rise to claims for relief under section 1983 against Defendant Stancliff for use of excessive force in violation of the Due Process Clause and for violation of the Equal Protection Clause. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

**B.     First Amendment and Due Process Claims (Fact 3)**

Plaintiff alleges that Defendant Stancliff violated his rights under the First Amendment and the Due Process Clause when he required Plaintiff to respond to his questions while preventing Plaintiff from being able to respond due to the chokehold. This claim is without merit. The Eighth Amendment for convicted prisoners and the Fourteenth Amendment for pretrial detainees such as Plaitniff protect against the choking incident at issue in this action. Despite Plaintiff's argument to the contrary, the allegations do not support a First Amendment claim or a due process claim other than one for excessive force.

**C.     Fraud, Defamation, and Due Process Claims (Fact 4)**

Plaintiff alleges that Defendants Stancliff and Lindini conspired to cover up the assault on Plaintiff by submitting a false report that Plaintiff assaulted Defendant Stancliff. Plaintiff alleges that the report concealed Defendant Stancliff's involvement, defamed Plaintiff as a "cop beater," and led to the increase in Plaintiff's classification from minimum custody status to maximum security walk-alone status.

Plaintiff does not have a claim for relief under federal law for "fraud," see Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), and defamation is not actionable under section 1983, Paul v. Davis, 424 U.S. 693, 701 (1976). However, Plaintiff has cured the deficiencies in his due process claim as identified by the Court in its order of May 18, 2007. Specifically, Plaintiff has alleged sufficient facts to support the existence of a protected liberty interest in his classification status, and Plaintiff has alleged deprivation of that interest without procedural due process.

---

[1] Plaintiff's legal claims are separated and identified in the complaint as "Facts."

1   Accordingly, Plaintiff may proceed against Defendants Stancliff and Lindini for denial of due

2   process with respect to Plaintiff's classification status.

3          **D.      Due Process Claim (Fact 5)**

4          Plaintiff alleges that Defendant Stancliff, in an attempt to discredit the only witness to the

5   incident of excessive force, submitted a false complaint to the Internal Affairs Division of the Kern

6   County Sheriff's Department charging witness Officer Ken Aldridge with failing to assist a fellow

7   officer.  Plaintiff alleges a due process claim arising out of this false report.

8          As set forth in the preceding subsection, Plaintiff has alleged a cognizable due process claim

9   based on the increase in his classification without due process of law.  The existence of an allegedly

10  false report against Office Aldridge does not give rise a separate claim for relief, as it does not

11  constitute a separate, independent violation of Plaintiff's constitutional rights.

12         **E.      Aiding and Abetting Claim (Fact 6)**

13         Plaintiff alleges that Defendant Lindini, in an attempt to cover up the violation of Plaintiff's

14  rights by Defendant Stancliff, aided and abetted "after the fact." This conclusory allegation does not

15  give rise to any claims for relief under federal law.

16         **F.      Denial of Access to the Courts and Due Process Claims (Facts 7, 8, 9, and 10)**

17         Plaintiff alleges that Defendant Doe 1 failed to process his grievance, and that Defendants

18  Kern County, Carl Sparks, and Doe 2 failed to respond to his requests for the disposition of the

19  verbal complaint he filed with Doe 2.

20         Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

21  U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

22  petitions, and civil rights actions. Id. at 354, 2181-82.  Claims for denial of access to the courts may

23  arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

24  access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

25  claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  To prevail

26  on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id.

27  at 415, 2187; Lewis, 518 U.S. at 351, 2180.

28  ///

Plaintiff has not alleged any facts supporting a claim that the delay in processing his grievance caused him to suffer any actual injury with respect to a court case. Plaintiff's reference to the exhaustion requirement set forth in 42 U.S.C. § 1997e(a) does not alter the fact that the amended complaint is devoid of any allegation that Plaintiff has actually suffered an injury. Further, the allegation that he has a right under state law to resolution of his complaint within thirty days is immaterial. Plaintiff is proceeding in court with his action - this action - and may not be heard to claim that he has suffered any actual injury by being shut out of court. Plaintiff's denial of access to the courts claim fails as a matter of law.[2]

Further, Plaintiff's allegation that the failure to respond to his grievance within thirty days violated his right to due process is without merit. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). As set forth above, to the extent Plaintiff suffers a dismissal for failure to exhaust, a claim for denial of access to the courts may be accrue. However, the allegations do not give rise to a due process claim.

### G.     Claim Against Kern County Sheriff's Department (Fact 8)

Plaintiff alleges that the use of force against him was the result of a Sheriff's Department policy and practice condoning the use of force against inmates. Plaintiff's allegations are sufficient to allow Plaintiff to proceed against the Kern County Sheriff's Department under a theory of municipal liability. Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

### H.     Claims for Equitable Relief

The claims in this action arise from an incident of excessive force which allegedly occurred on or around September 15, 2000. In addition to money damages, Plaintiff is seeking a number of ///

---

[2] In the event that Plaintiff suffers a dismissal for failure to exhaust, he might then have a claim for denial of access to the courts. However, such a claim is speculative at best at this juncture and will not accrue until and unless Plaintiff suffers an actual injury via dismissal. Conjecture that dismissal may occur for failure to exhaust does not provide a basis upon which to impose liability under section 1983.

1 forms of equitable relief, including a declaration that his rights were violated and orders requiring
2 Defendant Stancliff to enroll in a variety of classes such as anger management.

3 "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold
4 requirement imposed by Article III of the Constitution by alleging an actual case or controversy."
5 City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);
6 Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough."
7 Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is
8 immediately in danger of sustaining some direct injury as the result of the challenged official conduct
9 and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."
10 Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to
11 suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government
12 agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal
13 affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.
14 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations
15 are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny
16 injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of
17 proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679
18 (1974)).

19 In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
20 which provides in relevant part, "Prospective relief in any civil action with respect to prison
21 conditions shall extend no further than necessary to correct the violation of the Federal right of a
22 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
23 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
24 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
25 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

26 There is an actual case or controversy before this Court with respect to Plaintiff's section
27 1983 claims for money damages arising out of Defendants' alleged past actions. However, equitable
28 remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met

1  where there is no showing of any real or immediate threat that the plaintiff will be wronged again -

2  a 'likelihood of substantial and immediate irreparable injury.'" <u>Lyons</u> at 111, 1670 (quoting <u>O'Shea</u>,

3  414 U.S. at 502, 94 S.Ct. at 679).  In this instance, it is the past conduct of Defendants which gives

4  rise to Plaintiff's claims for relief, and should Plaintiff prevail, Plaintiff's injury will not go

5  unrecompensed because Plaintiff has an adequate remedy at law.  <u>Id</u>.  Therefore, Plaintiff's claims

6  for equitable relief should be dismissed and this action should proceed as one for money damages

7  only.

8  **III.    <u>Conclusion and Recommendations</u>**

9        As set forth herein, Plaintiff's amended complaint states cognizable claim for relief under

10  section 1983 against Defendants Stancliff, Lindini, and the Kern County Sheriff's Department for

11  violation of the Due Process Clause and against Defendant Stancliff for violation of the Equal

12  Protection Clause.  However, Plaintiff's amended complaint does not state any other claims upon

13  which relief may be granted under section 1983.  Plaintiff was previously notified of the deficiencies

14  in his claims and opted to file an amended complaint.  The amended complaint did not cure all of

15  the deficiencies identified by the Court in its order of May 18, 2007, and the Court therefore

16  recommends that the deficient claims be dismissed at this time without further leave to amend.

17  Accordingly, it is HEREBY RECOMMENDED that:

18      1.    This action proceed on Plaintiff's amended complaint, filed September 10, 2007, on

19            the following claims:

20          a.    Plaintiff's claim against Defendant Stancliff for use of excessive physical

21                force, in violation of the Due Process Clause;

22          b.    Plaintiff's claim against Defendant Stancliff for violation of the Equal

23                Protection;

24          c.    Plaintiff's claim against Defendants Stancliff and Lindini for deprivation of

25                Plaintiff's liberty interest in his classification status without procedural due

26                process; and

27  ///

28  ///

d.      Plaintiff's claim against the Kern County Sheriff's Department for violating Plaintiff's rights under the Due Process Clause with respect to an unconstitutional policy or practice of use of force;

2.      Plaintiff's First Amendment claim, fraud claim, defamation claim, due process claims other than those identified above, aiding and abetting claim, denial of access to the courts claim, and claims for equitable relief be dismissed, for failure to state a claim upon which relief may be granted under section 1983; and

3.      Defendants Kern County, former Sheriff Carl Sparks, and John Does 1 and 2 be dismissed from this action for failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    May 8, 2008**                              _____/s/ Sandra M. Snyder_____
                                                    UNITED STATES MAGISTRATE JUDGE