# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANCLIFF, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00128-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR A COURT ORDER MANDATING ACCESS TO THE LAW LIBRARY<br><br>(Doc. 29)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A COPY OF THE DOCKET |

Plaintiff Anthony Joseph Sanchez ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2008, Plaintiff filed a motion seeking the appointment of counsel and an order mandating that Kern County jail officials provide him with access to the law library. In the motion, Plaintiff also expresses concern that he may have missed some orders because of his address changes. In light of this concern, the Court will direct the Clerk's Office to provide Plaintiff with a copy of the docket.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases.  In determining whether
3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
4 the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity
5 of the legal issues involved." Id. (internal quotation marks and citations omitted).

6    In the present case, the Court does not find the required exceptional circumstances.  Even if
7 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
8 which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
9 similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a
10 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
11 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

12    With respect to law library access, the Court cannot issue any orders directing jail officials
13 to provide Plaintiff with access to the law library because (1) the Court does not have jurisdiction
14 over any jail official at this juncture and (2) the pursuit of this action does not provide a jurisdictional
15 basis upon which to issue such an order.  Zepeda v. United States Immigration Service, 753 F.2d
16 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over
17 the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights
18 of persons not before the court.")

19    For the foregoing reasons, Plaintiff's motion for the appointment of counsel and for a court
20 order mandating access to the law library, filed February 27, 2008, is HEREBY DENIED, and the
21 Clerk's Office is DIRECTED to send Plaintiff a copy of the docket.

23 IT IS SO ORDERED.

24 **Dated:   May 8, 2008**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE