# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>STANCLIFF, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-00128-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANT LINDINI SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE<br><br>(Doc. 53) |

Plaintiff Anthony Joseph Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed on September 10, 2007. (Doc. 22.) On June 11, 2008, the Court issued an order directing the United States Marshal to initiate service of process on three defendants. (Doc. 38.) Defendants Kern County Sheriff's Department and Officer Stancliff waived service and made an appearance in the action. However, the Marshal was unable to locate and serve Defendant Daniel Lindini, and on November 5, 2008, the Marshal returned the USM-285 form to the Court. (Doc. 53.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

1  In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
2 Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro
3 se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
4 summons and complaint and ... should not be penalized by having his action dismissed for failure
5 to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker
6 v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th
7 Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the
8 prisoner has furnished the information necessary to identify the defendant, the marshal's failure to
9 effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United
10 States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the
11 Marshal with accurate and sufficient information to effect service of the summons and complaint,
12 the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-
13 22.

14  In this instance, the address provided by Plaintiff for Defendant Lindini is no longer accurate,
15 as Defendant Lindini is no longer in custody at the Lerdo Pretrial Facility. (Doc. 53.) If Plaintiff is
16 unable to provide the Marshal with current address at which Defendant Lindini can be located, this
17 defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court
18 will provide Plaintiff with the opportunity to show cause why Defendant Lindini should not be
19 dismissed from the action at this time.

20  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

21  1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show
22  cause why Defendant Lindini should not be dismissed from this action; and

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2. The failure to respond to this order or the failure to show cause will result in a recommendation that Defendant Lindini be dismissed from this action.

IT IS SO ORDERED.

**Dated:  November 10, 2008**                   /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE