# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STANCLIFF, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00128-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 51)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.**     **Procedural History**

    Plaintiff Anthony Joseph Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Stancliff for use of excessive physical force in violation of the Due Process Clause and for violation of the Equal Protection Clause; against Defendants Stancliff and Lindini for deprivation of Plaintiff's liberty interest in his classification status without procedural due process; and against the Kern County Sheriff's Department for violating Plaintiff's rights under the Due Process Clause with respect to an unconstitutional policy or practice of use of force. The events at issue in this action allegedly occurred while Plaintiff was a pretrial detainee housed at the Kern County Jail.

///

///

1    On October 15, 2008, Defendants Stancliff and Kern County Sheriff's Department
2 ("Defendants") filed a motion to dismiss for failure to exhaust.[1] Plaintiff filed an opposition on
3 October 29, 2008, and Defendants filed a reply on November 7, 2008.[2]

**II.    Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///
///

---

[1] The United States Marshal was unable to locate and serve Defendant Lindini.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 11, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 39.)

### III. Defendants' Motion

#### A. Available Administrative Remedy Process

The Kern County Sheriff's Department has an administrative remedy process in place, which entails a written grievance form that must be submitted within ten working days of the incident being grieved. (Doc. 22, Amend Comp., § II; Doc. 51, Motion, Exs. B & C.) There is no evidence before the Court that the process involves more than one level.

#### B. Allegations in Amended Complaint Relating to Exhaustion Attempts

The events at issue in this action occurred on or around September 15, 2000. (Amend. Comp., e.g., pp.4-8.) Plaintiff alleges that on or around September 16, 2000, an unidentified officer refused to process his properly submitted grievance. (Id., pp.11-12.) Plaintiff further alleges that he was interviewed on February 2, 2001, at Wasco State Prison by an investigator looking into fraudulent charges made by Defendant Stancliff against another officer who witnessed the incident of excessive force at issue in this action. (Id., pp.12-13.) Plaintiff initially believed he was being interviewed about his grievance but he was informed that there was no record of a grievance on file. (Id.) Plaintiff requested that his interview be processed as a verbal grievance. (Id., p.13.) The investigator agreed and told Plaintiff that he would be informed of the findings and disposition of his grievance following the conclusion of the investigation. (Id., pp.13-14.)

Plaintiff alleges that on or around March 15, 2001, while at Wasco State Prison, he wrote the Kern County Sheriff at least three times to complain about Defendants' conduct, but received no response. (Id., p.18.) Plaintiff further alleges that on or around February 24, 2006, while at the Kern County Jail, he received written notice from the Kern County Sheriff's Department that his verbal grievance had been processed and the allegations were sustained. (Id., pp.18-19.)

#### C. Defendants' Position

Defendants argue that they are entitled to dismissal because there is no evidence that Plaintiff exhausted the administrative remedy process by filing a written grievance.[3] Defendants contend that Plaintiff was not in custody on September 15, 2001, or September 16, 2001, and could not have

---

[3] Defendants located one exhausted grievance and in his opposition, Plaintiff identified a second exhausted grievance. Neither grievance is relevant to the claims in this action, however.

3

submitted a written grievance on either date. (Doc. 51-3, Silva Dec., ¶6; Motion, 6:18-23.) Defendants further contend that Plaintiff was taken into custody and booked at the County Central Receiving Facility on February 25, 2001, and "was, in all probability, not incarcerated at Wasco State Prison" on or around February 2, 2001. (Silva Dec., ¶6; Motion, 6:24-27.) Defendants also submit evidence that Plaintiff was in county custody on March 15, 2001, and could not have sent correspondence from Wasco State Prison, and Plaintiff was not in county custody on February 24, 2006, and could not have received written correspondence at the jail from the county. (Silva Dec., ¶6; Motion, 7:1-12.) Defendants also contend that they were unable to locate any investigator who interviewed Plaintiff on or around February 2, 2001. (Motion, 8:13-15.) However, Defendants did not cite to any evidence in support of that contention and it cannot be considered by the Court.

"[P]roper exhaustion of administrative remedies is necessary," Woodford, 548 U.S. at 83-84, and it "demands compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 90. Plaintiff alleges that the day after the incident, he submitted a written grievance but it was never processed. Although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals

process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

While the absence of evidence that a grievance was officially filed may indicate Plaintiff never submitted the grievance, it may also indicate that the grievance was discarded or ignored by staff, as Plaintiff contends. See Spence v. Director of Corr., 2007 WL 61006, No. CIV S-05-0690 GEB KFM PC, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007). In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss.[4]  Further, while Defendants contend destruction of records

---

[4] Plaintiff's verified amended complaint functions as a declaration to the extent it is based on his personal knowledge of admissible facts. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

5

frequently does not occur within that time frame, Defendants concede that the relevant policy allows for the destruction of grievance records after the expiration of five years after January first of the year following the grievance or response. (Silva Dec., ¶7.)

Concerning Defendants' other evidence, the incident of excessive force allegedly occurred on September 15, 2000, and Plaintiff purportedly submitted a written grievance the next day. While Defendants contend Plaintiff was not in custody on either day, Defendants reference 2001 rather than 2000. Further, evidence that Plaintiff was *likely* not at Wasco State Prison on February 2, 2001, is not evidence that Plaintiff was not at Wasco on or around that date. Finally, as previously set forth, Defendants contend that they could not locate an investigator who met with Plaintiff at Wasco on February 2, 2001, but they cited to no evidence of that, and the inability to locate an investigator is not proof absolute that no such meeting took place in any event. The Court presumes the existence of prison records that would verify or refute Plaintiff's presence at Wasco on that date, along with verification of any visits if Plaintiff was at Wasco. However, such evidence is not before the Court.

Plaintiff alleges in his complaint that his properly submitted grievance was not processed and that he successfully submitted a verbal grievance on February 2, 2001, via an investigator. For the reasons set forth herein, the Court finds that Defendants have not met their burden of demonstrating the absence of exhaustion, and the Court recommends denial of their motion, without prejudice.[5]

## IV.  Conclusion and Recommendation

As set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed October 15, 2008, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written

---

[5] Plaintiff failed to refute Defendants' evidence that he was in county custody on March 15, 2001, and could not have sent letters from Wasco State Prison as he alleges, or that he was not in jail on February 24, 2006, and could not have received correspondence there about his verbal grievance as he alleges. However, Defendants' evidence on those matters is insufficient to entitle them to dismissal given Plaintiff's allegations of a properly filed grievance on September 16, 2000, and the acceptance of a verbal grievance by an investigator on February 2, 2001.

6

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 23, 2009**                    /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE